**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
PETER MOUA

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

PETER MOUA,

      Plaintiff,

  vs.

ANDRES CHAPARRO; CHRISTOPHER
ARBUCKLE; COUNTY OF SACRAMENTO;
SHERIFF SCOTT JONES; and DOES 1-20,

      Defendants.

_____/

**NO. 2:12-CV-02539-JAM-JFM**

**FIRST AMENDED COMPLAINT
(CORRECTED) FOR
VIOLATION OF CIVIL RIGHTS
[42 U.S.C. § 1983]**

**JURY TRIAL DEMANDED**

Plaintiff Peter Moua complains and alleges as follows:

### I. JURISDICTION

1.    This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

///

///

## II. <u>VENUE</u>

2.     Plaintiff's claims alleged herein arose in the County of Sacramento, California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III. <u>INTRODUCTION</u>

3.     On October 3, 2011, at approximately 6:00 p.m., plaintiff Peter Moua (Hereinafter "Moua") was lawfully parked in his car waiting to give his wife a ride home after she got off work.  Defendant Deputy Andres Chaparro (Hereinafter "Chaparro") came up behind Moua in a marked Sheriff's patrol car.  Chaparro asked Moua for his identification, which was produced.  Moua was ordered out of the car without cause.  When Moua verbally questioned the basis of Chaparro's actions, Chaparro started physically assaulting Moua, including using the choke hold.  Deputy Christopher Arbuckle (Hereinafter "Arbuckle") was dispatched to the location where Moua was being detained.  Arbuckle walked up and kicked Moua as he lay, restrained on the ground, and then dislocated Moua's elbow once he was standing. Moua incurred over $30,000.00 of medical expenses because of what occurred in the incident.   The incident was almost entirely captured on Chaparro's in-car camera.  Moua was arrested and cited for resisting arrest, but that charge was dismissed prior to trial.

## IV. <u>PARTIES</u>

4.     During all times mentioned in this Complaint, plaintiff Peter Moua was, and is, a United States citizen and a resident of the County of Sacramento, California.

5.     Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

6.     Defendant Sheriff Scott Jones was at all times mentioned in this Complaint the Sheriff of the County of Sacramento and acting in the course and scope of that position. Defendant Scott Jones is being sued in his individual and official capacities.

7.     Defendant Andres Chaparro (Badge # 1331) was at all times mentioned in this Complaint a Deputy Sheriff employed by the County of Sacramento and acting in the course and scope of his employment. Defendant Andres Chaparro is being sued in his individual and official capacties.

8. Defendant Christopher Arbuckle (Badge #1433) was at all times mentioned in this Complaint a Deputy Sheriff employed by the County of Sacramento and acting in the course and scope of his employment. Defendant Christopher Arbuckle is being sued in his individual and official capacities.

9. The true names and identities of defendant Does 1 through 5 are presently unknown to plaintiff. Plaintiff alleges that each of defendants Does 1 through 5 was employed by the Sacramento County Sheriff's Department at the time of the conduct alleged and was responsible for the promulgation of the customs and practices which caused the acts alleged herein and which resulted in plaintiff's injuries. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendant Does 1 through 5 have been ascertained.

10. Does 6 through 10 were employed by the Sacramento County Sheriff's Department. Plaintiff alleges that Defendants Does 6 through 10 and each of them were supervisors responsible for the training, supervision and discipline of Deputies Chaparro and Arbuckle. Plaintiff asserts that the failure to properly train, supervise and discipline Deputies Chaparro and Arbuckle was a cause in fact of plaintiff's injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Does 6 through 10 have been ascertained.

11. Defendants, and each of them, to the extent they engaged in any acts or omissions alleged herein, engaged in such acts and/or omissions under color of state law.

## V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

12. Moua filed a timely government tort claim with the County of Sacramento on or about March 27, 2012, as a precondition to the state law claims brought in this action.

13. On May 25, 2012, the government claim was rejected by the County of Sacramento's representative.

## VI. FACTUAL ALLEGATIONS

14. Plaintiff Peter Moua, is a 32 year old male who was born in this country but whose parents emigrated from Southeast Asia. Moua is ethnically Hmong. He is of slight

1  stature, standing no more than 5'2" tall and weighing about 100 pounds.   Moua has no

2  criminal record and had never been arrested before this incident.

3      15.    Deputy Chaparro and Deputy Arbuckle are both over 6 feet tall, fit and each

4  outweigh Moua by at least 100 pounds.

5      16.    At the time of the incident Moua was married and he and his wife shared one

6  automobile.

7      17.    At approximately 6:00 p.m. and still daylight, Moua was sitting in the family

8  car, a purple 1994 Acura Integra, watching a video on his laptop computer while waiting for

9  his wife to get off work so he could drive her home.

10     18.    The car was properly registered to Moua and there were no apparent vehicle

11 code equipment violations on the car.

12     19.    Moua's car was lawfully and neatly parked on Odea Drive, near Fruitridge

13 Road within the County of Sacramento.  The engine was off.

14     20.    Chaparro pulled up behind Moua in a marked, Sacramento County Sheriff's

15 Department patrol car.  Chaparro was working security at a nearby business.  The Sheriff's

16 Department contracts to hire out deputies and patrol cars to businesses and organizations to

17 provide security. Deputies working in that capacity have all the powers of a deputy working on

18 a regular assignment.  Chaparro was in uniform and driving a patrol car as authorized by the

19 Sacramento County Sheriff's Department.

20     21.    Moua's car is a make and model which Sacramento County Sheriff's

21 Department deputies profile as being associated with criminal, Asian gangs.

22     22.    Chaparro walked up to the car and demanded Moua's license, which he

23 produced.

24     23.    Moua asked the deputy to explain what was going on.  Moua knew he was not

25 on probation and that he was not violating any laws, and, instead of receiving an explanation,

26 he was ordered to get out of the car.

27     24.    Moua complied with Chaparro's directions, including putting his hands over his

28 head.

1    25.    As viewed on the video, when Chaparro brought Moua's hands down,

2    apparently with the intention of handcuffing Moua, Moua attempted to turn around to again

3    ask Chaparro what he'd done wrong.

4    26.    Chaparro then, without warning, physically assaulted Moua.   This assault

5    included what Chaparro acknowledged to be a choke hold and took Moua forcefully down to

6    the pavement.

7    27.    After initiating the assault, Chaparro called for additional units to assist him.

8    The first deputy to respond was Deputy Arbuckle.   The first thing Arbuckle did was briskly

9    walk up to Moua, who was being held down on the ground by Chaparro, wind up his leg and

10    forcefully kick Moua in his mid-section.

11    28.    After Moua was up-righted, Arbuckle then aggressively struck Moua's face

12    with his open hand.

13    29.    While Moua was still on his feet with Chaparro holding and controlling Moua's

14    left arm, Arbuckle, who had a hold of Moua's right arm, wrenched it so violently that he

15    dislocated Moua's right elbow.

16    30.    The interaction between Moua and the deputies was largely captured on the in-

17    car camera in Chaparro's patrol car.   A copy of that video (entitled ICC Video SSD 11-

18    213402), which further shows the factual basis for this complaint, is attached as Exhibit 1.

19    31.    Chaparro, in an attempt to insulate himself and Arbuckle from civil and

20    administrative liability, and to discourage the civil prosecution of the deputies, cited Moua for

21    Penal Code Section 148, resisting arrest.   Both Arbuckle and Chaparro wrote and filed clearly

22    erroneous and misleading police reports in an attempt to encourage the District Attorney's

23    prosecution of Moua.

24    32.    A criminal Complaint was filed in Sacramento Superior Court (#11M07232).

25    That case was dismissed on July 12, 2012, by the District Attorney after the true nature of

26    what the facts were regarding the deputies' interaction with Moua became apparent.

27    33.    Chaparro was working security for a business and in that capacity he was

28    operating without any necessary supervisory oversight or review. Plaintiff alleges on

1   information and belief that Chaparro was a relatively new deputy who had never been
2   regularly assigned to the Patrol Division and, therefore, he required greater supervision and
3   monitoring, as opposed to no meaningful supervision, which was the case here. Chaparro's
4   report does not indicate that any supervisor ever approved his report.   The Sheriff's
5   Department has through previous cases, claims and complaints been put on notice that
6   deputies frequently misuse their authority and violate citizens' rights while working as hired
7   security.

8       34.   Plaintiff asserts that Chaparro did not report Arbuckle's flagrant and illegal use
9   of force upon the defenseless Moua.  This failure to report misconduct by a fellow deputy is
10  consistent with a practice of deputies ignoring the wrongful acts of other deputies.   This
11  practice resulted in the injury to Moua and to others.

12      35.   Arbuckle's report also does not indicate the approval of any supervisor.

13      36.   While Moua was at the hospital being treated for his injuries, Moua's brother
14  unsuccessfully attempted to file a complaint about his brother's mistreatment.  He called 911
15  to request that an officer respond to the hospital to address his complaint about his brother's
16  assault.   After it was clear that no one was responding, he called 911 again and asked for a
17  supervisor and was told by an unnamed sergeant that "It was you're brother's fault" that he
18  was injured.

19      37.   The Sacramento Sheriff's Department has a custom and practice of not
20  investigating citizen complaints of excessive force and wrongful arrest while a related criminal
21  case is pending, regardless of the baselessness of those criminal charges.   This practice
22  encourages arresting and accusing people of resisting arrest type of offenses in situations
23  where the deputies believe they will be the subject of either an administrative or civil
24  complaint. A few of the many examples of this include *People v. Plant, People v. Maher,*
25  *People v. Johnson, People v. Treshchuck* and *People v. Bouaziz.*

26      38.   Moua incurred approximately $30,000.00 in medical expenses as a result of
27  the deputies' actions.

28  ///

# VII.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Unreasonable Seizure/Excessive Force
### (Violation of the Fourth Amendment to the U.S. Constitution:
### Actionable under 42 U.S.C. §1983)
*(Against defendants Chaparro and Arbuckle)*

39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38, as though fully set forth herein.

40.    The actions of defendants Chaparro and Arbuckle, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution.  Specifically, defendants, and each of them, interfered with plaintiff's rights when they used unreasonable physical force against plaintiff.

41.    As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries which entitles plaintiff to compensatory and punitive damages and attorney fees subject to proof and as are requested below.

42.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages.


## SECOND CAUSE OF ACTION
### Unreasonable Seizure/Excessive Force
### (Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:
### Actionable under Cal. Civil Code § 52.1(b)/Bane Act)
*(Against defendants County of Sacramento, Chaparro and Arbuckle)*

43.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44.    The actions of defendants Chaparro and Arbuckle, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution.  Specifically, defendants, and each of them, interfered with

1  plaintiff's rights when defendants used unjustified force in response to plaintiff's exercising

2  his right to ask the officers why they were detaining him.

3      45.    Defendants' actions constituted an excessive use of force, a violation of

4  plaintiff's right to bodily integrity, and further interfered with plaintiff's personal rights as

5  guaranteed by § 43 of the California Civil Code.

6      46.    As a direct and proximate result of said acts and/or omissions by defendants

7  Chaparro and Arbuckle, plaintiff suffered unreasonable interference with his personal liberty,

8  physical injury, pain and suffering, humiliation, emotional distress and other injuries.

9      47.    The County of Sacramento is vicariously liable for the conducts of its agents,

10  all the individual defendants named herein.

11      48.    Defendants' violations of plaintiff's rights as guaranteed by Civil Code § 52.1

12  (Bane Act) entitles plaintiff to compensatory and punitive damages (against the individual

13  defendants only and not the County of Sacramento) and attorney fees, all of which are

14  provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

15      49.    The aforementioned acts and/or omissions of said defendants were willful,

16  intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

17  rights as secured by Civil Code § 52.1, thereby entitling plaintiff to an award of punitive

18  damages (against the individual defendants only and not the County of Sacramento) pursuant

19  to Civil Code § 52(b)(1).

20  

**THIRD CAUSE OF ACTION**
**Unreasonable Seizure/Unlawful Detention**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. Section 1983)**
*(Against defendants Chaparro and Arbuckle)*

21

22

23

24      50.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as

25  though fully set forth herein.

26      51.    The aforementioned acts and/or omissions of the defendants as alleged herein,

27  including but not limited to the detention of plaintiff without articulation of a reasonable

28  suspicion, constituted an unlawful detention and violated plaintiff's rights as protected by the

Fourth through the Fourteenth Amendment to the United States Constitution.

52.      As a direct and proximate result of the aforementioned acts, plaintiff suffered damages as alleged herein which entitles plaintiff to compensatory damages and attorney fees subject to proof and as are requested below.

53.      The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### FOURTH CAUSE OF ACTION
**Unreasonable Seizure/Wrongful Arrest**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. Section 1983)**
*(Against defendants Chaparro and Arbuckle)*

54.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, as though fully set forth herein.

55.      The aforementioned acts and/or omissions of the defendants as alleged herein, including but not limited to the arrest of plaintiff without probable cause, constituted wrongful arrest and violated plaintiff's rights as protected by the Fourth through the Fourteenth Amendment to the United States Constitution.

56.      As a direct and proximate result of the aforementioned acts, plaintiff suffered damages as alleged herein which entitles plaintiff to compensatory damages and attorney fees subject to proof and as are requested below.

57.      The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### FIFTH CAUSE OF ACTION
**Monell Liability – *De Facto* Policies**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. Section 1983)**
*(Against Defendants County of Sacramento, Sheriff Jones, Does 1 through 5)*

58.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57, as though fully set forth herein.

59.     The aforementioned acts and/or omissions of defendants Chaparro and Arbuckle as alleged herein, including but not limited to the arrest of plaintiff, and the failure by those defendants to report the unreasonable force used, and which violated plaintiffs' rights as protected by the Fourth through the Fourteenth Amendment to the United States Constitution, occurred as a result of defendants County of Sacramento, Sheriff Jones, Does 1 through 5 implementing or condoning the informal policies and/or practices of arresting individuals for resisting arrest to insulate deputies from civil and administrative complaints of misconduct, of deputies not reporting witnessed uses of excessive force by fellow deputies and not proceeding with Internal Affairs investigations during the pendency of criminal charges.

60.     Defendants County of Sacramento, Sheriff Jones, and Does 1 through 5 knew or reasonably should have known that implementing or condoning the informal policies and/or practices of arresting individuals for resisting arrest to insulate deputies from civil and administrative complaints of misconduct, of deputies not reporting witnessed uses of excessive force by fellow deputies, and not proceeding with Internal Affairs investigations during the pendency of criminal charges would cause their subordinates to deprive plaintiffs of their constitutional rights.

61.     As a direct and proximate result of the aforementioned acts, plaintiff suffered damages as alleged herein which entitles plaintiff to compensatory damages and attorney fees subject to proof and as are requested below.

62.     The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights thereby entitling plaintiff to an award of exemplary and punitive damages against the individual defendants (but not Sheriff Jones in his official capacity or the County of Sacramento

**SIXTH CAUSE OF ACTION**
**Individual Supervisory Liability-Failure to Supervise**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. Section 1983)**
*(Against defendants Sheriff Jones, Does 6 through 10)*

63.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62, as though fully set forth herein.

64.     The aforementioned acts and/or omissions of defendants Chaparro and Arbuckle as alleged herein, including by not limited to their assault, detention and arrest, all of which violated Moua's rights as protected by the Fourth through the Fourteenth Amendment to the United States Constitution, occurred as a result of defendants Jones and Does 6 through 10's failure to supervise their subordinates.

65.     Defendants Jones and Does 6 through 10 knew or reasonably should have known that their subordinates were engaging in these acts, that their conduct would deprive plaintiff of these rights, and failed to act to prevent the subordinates from engaging in such conduct.

66.     As a direct and proximate result of the aforementioned acts, plaintiff suffered damages as alleged herein.

67.     The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**SEVENTH CAUSE OF ACTION**
**Battery – California State Law**
*(Against defendants County of Sacramento, Chaparro and Arbuckle)*

68.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67, as though fully set forth herein.

69.     The conduct of defendants Chaparro and Arbuckle as alleged herein, including but not limited to defendants' actions of choking and dislocating plaintiff's elbow, constituted a battery.

70.     Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

71.     The County of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.     For compensatory, general and special damages against each defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2.     For punitive and exemplary damages against each non-entity defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3.     For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1;

4.     For costs of the suit; and

5.     For such other relief as the Court deems just and proper.

Dated:  March 18, 2013                    Respectfully submitted,


                                          /s/ Stewart Katz
                                          Stewart Katz,
                                          Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff PETER MOUA hereby demands trial by jury.

Dated: March 18, 2013                     Respectfully submitted,


                                          /s/ Stewart Katz
                                          Stewart Katz,
                                          Attorney for Plaintiff

Moua-First Amended Complaint for Violation of Civil Rights; Jury Trial Demanded          12

# EXHIBIT 1

